Law Office of Darryl L. Thompson, P.C.
880 N Street, Suite 101
Anchorage, AK  99501
Tel: (907) 272-9322
Fax: (907) 277-1373
darrylthompson@akdltlaw.com

Attorneys for:
Defendant:  MICHAEL DON ROBERTSON

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) SENTENCING MEMORANDUM |
| | ) |
| MICHAEL DON ROBERTSON | ) |
| | ) |
| Defendant | ) |
| | ) |

Case No. 3:19-CR-00057-SLG

COMES NOW, MICHAEL DON ROBERTSON, by and through his counsel of record Darryl L. Thompson, Esq., and hereby files this Statement of Sentencing factors to be relied upon at sentencing.

MICHAEL DON ROBERTSON respectfully requests the Court accept his plea agreement.

Proposed sentence:

MICHAEL DON ROBERTSON agrees with the sentencing recommendations of the Probation Officer found on page two (3) of Document

29. The probation officer recommends that the defendant be sentenced to probation for a term of five (5) years of probation for each count, to run concurrently. This sentence it would appear to be a just, but not greater than necessary, punishment in this case when considering all of the factors involved in the offense conduct and Dr. MICHAEL DON ROBERTSON's personal history. This is especially true when considering the impact that his life alternating motorcycle accident that occurred on June 21, 2103 had on him and the residual physical injuries he sustained as a result of that accident; in particular his traumatic brain injury ("TBI"), fractured pelvis, fractured left acetabulum and other orthopedic injuries. The terms and conditions of probation as set forth by the U.S. Probation Officer in his Sentencing Recommendations appear appropriate.

Support for Recommended Sentence

MICHAEL DON ROBERTSON agrees with the offense level computation found on page 7 and 8 of the PSI, paragraphs 15-20, and that his net offense level is a level 13, which rests in Zone C, typically not a zone for which a probation only sentence is handed down. However, the defendant fully supports the PO's analysis of 18 U.S.C. Sec. 3553(a) factors set forth on pages 1 and 2 of the PSI. For those reasons, and those stated below, he asks for a mitigating sentence of probation only. As further support for the recommended sentence, the defendant immediately acknowledged his behavior the very first

time the agents contacted him at his home, and he has been fully compliant in the investigation leading up to his charges. He voluntarily surrendered his DEA registration, and surrendered his state medical license. He availed himself to an interview with the agents and the assigned US attorney.

To provide the court a better understanding of circumstances that were present when the defendant engaging in the behaviors for which he has plead guilty to, defendant respectfully wants the court to be aware that he found himself in the terrible position as of result of the June 2013 motorcycle accident of being in extreme chronic pain, and reduced capacity to make proper judgments as a result of that near life ending motorcycle accident which occurred on June 21, 2013. Too often, for someone in genuine and significant pain, the lines between when is the use of narcotics to manage chronic and sever pain and when their use cross that line into full blown addiction. For those in long term chronic pain, often they run parallel courses. To be clear, in his effort to explain the circumstances, he is not saying he is not responsible for the choices he made. He is and has and will continue to accept full responsibility for his choices, especially the poor decisions to embroil others into his behaviors so that he may obtain the narcotics. It was wrong on all levels.

As this court is aware, Dr. Paul Craig, performed a neuropsychological evaluation of the defendant. That report was provided to the US Attorney and

Sentencing Memorandum 3:19-CR-00057-SLG
Page 3

the Pre-Sentence Report author on March 9, 2020, and a copy of said evaluation is being filed under seal concurrently herewith. The court is respectfully asked to review it in fashioning a proper and just sentence of this defendant. Dr. Craig's report provides not just an excellent neuropsychological evaluation of the defendant, but also provides information relative to his physical injuries associated with the life altering circumstances sustain in his motorcycle accident. The June 2013 accident caused server physical orthopedic injuries, and placed him in a coma for a time and amnestic for 26 days, which, according to Dr. Craig, is diagnostic of a fairly sever traumatic brain injury. After a battery of tests, Dr. Crags diagnostic impressions were that the defendant's:

> "[c]urrent neuropsychological test Cold test results are consistent with a neurocognitive disorder due to traumatic brain injury with behavioral disturbance print 294.1 one close print. Areas of neuro psychological impairment include speed of information processing, memory function, and aspects of exit executive functioning dash most notably foresight, judgment, planning, and impulse control." *Dr. Craig Report, page 14.*

Dr. Craig has noted that the defendant has struggled with chronic pain associated with the orthopedic injuries sustained in the accident. *Id.* The defendant endorses the findings of Dr. Craig that his neurocognitive limitations do not negate his culpability for any misconduct or illegal behaviors in which he has engaged. He agrees he has the mental capacity to know right from wrong, and that what he was doing to procure narcotic pain medication was illegal. The simple fact is that from the moment the agents showed up at his

house, it was actually a relief for him. It was at that moment he knew he was done with reckless and self-destructive behavior. It was actually a relief when he had acceptance that it was finally over. He truly found himself, as many do in the vicious cycle, of wanting to stop but not finding or seeing the pathway for himself to accomplish the goal. Being approached, questioned, and making the admission provided a personal permission structure to just get off the squirrel cage and stop. It was the best thing that could have happened to him in light of his circumstances.

There is no doubt the defendant has suffered a severe TBI, as Dr. Craig properly states in his concluding remarks (page 15) "[t]he neuropsychological findings do not excuse Dr. Robinson for his behavior". Dr. Craig points out, however, that "the neurological findings do help explain some of the variances with respect to how Dr. Robertson ended up exercising poor judgment regarding prescription of narcotic pain medications". Dr. Craig notes that "his foresight, judgment, planning, and impulse control skills are diminished". He also notes further that "Dr. Robertson's memory functioning is diminished" as is his "speed of information processing" and that he has been struggling with intense level of physical pain following his motorcycle accident. Dr. Craig indicates that it is understandable that the defendant would seek relief for the from this pain and that his choice to divert narcotic pain medications to himself represents a very poor judgment in his part. Dr. Craig concludes that:

> In this regard, his neurological limitations were at least partially contributory to his poor decision making in this regard. His traumatic brain injury and associated neurological limitations should be taken into consideration as a mitigating factor when assessing Dr. Robertson. *Id. at 15*

Pursuant to the provisions of 18 U.S.C. § 3553(a), this court is asked to depart from a strict application of the recommended provisions under the Federal Sentencing Guidelines, based on the recommendations of the PO and argument set forth herein, MICHAEL DON ROBERTSON respectfully recommends that he be sentenced to serve a term of five (5) years of probation for each count, to run concurrent, governed by the proposed conditions of probation as set forth in the Sentencing Recommendations submitted at Document 29 by the Probation Officer.

Alternative Position

MICHAEL DON ROBERTSON does also submit as an alternative position that if the court were not inclined to impose a sentence of probation only, and find MICHAEL DON ROBERTSON should be sentenced strictly in accordance with a guidelines calculation within Zone C -at a level 13- without any mitigation or departure, then he respectfully ask that anytime imposed be on home detention (12 months) followed by a term of four years' probation on each count concurrent.

This is a non-violent offense and MICHAEL DON ROBERTSON has zero criminal history points, accepted responsibility immediately, was fully

cooperative with the authorities, immediately surrender of his DEA registration and state medical license, and based on his age, health concerns, and the real current risks associated with incarceration of someone of his age and health concerns of being exposed to and contracting COVID (he is considered high risk) if sent to federal prison, home detention should genuinely be considered as a proper alternative to a probation only sentence. As Superior Court Judge Wallace in Kodiak recently stated on record when granting a request to delay a remand allow the defendant to get on DOC EM, the offense did not warrant a potential death sentence; nor does this offense.

Consistent with the recommendation of the Probation Officer as contained in the Probation Officer's Sentencing Recommendations, the defendant asks for aa sentence of probation only, five (5) years for each count, to run concurrently, or in the alternative, for home confinement in the low end of the Level 13 range of 12 months, followed by a period of probation. The defendant has proven to be compliant while on release with no violations. Restitution is already agreed to as set forth in the plea agreement in the amount of $6,888.39, and he asks the court to so order.

DATED at Anchorage, Alaska, this 28th day of October 2020

                    s/ Darryl L. Thompson
                    880 N Street, Suite 101
                    Anchorage, Alaska 99501
                    907-272-9322
                    907-277-1373 - Fax
                    darrylthompson@akdltlaw.com

Alaska Bar No.8706055

Certificate of Service

I certify that on 10/28/2020
a copy of this foregoing
motion and proposed order
were served electronically
on

Jonas Walker
U.S. Attorney's Office
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska
99513
s/ Darryl L. Thompson